

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Overruled by O-2474

Dear Sir:

Opinion No. O-1972
Re: Has the commissioners' court
authority to purchase or rent
sewing machines for use in
the WPA sewing room project?
And related questions.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"The Commissioners' Court has requested me to write your department concerning a number of matters which have come before the court for their consideration. In response to this request I submit certain questions and ask that your department furnish us with an opinion covering the various inquiries.

"Question no. one
"Has the Commissioners' Court authority to purchase or rent sewing machines for use in the WPA sewing room project?

"Question no. two
"Has the Commissioners' Court authority to purchase groceries or other supplies to be used for demonstration purposes in connection with the WPA housekeeping aid project?

"Question no. three
"Has the Commissioners' Court authority to furnish typewriters and adding machines or to repair and maintain such machines used in State or Federal relief agencies? Also in this connection, does the Court have the authority to furnish to such agencies office supplies, such as paper, typewriter ribbons, desks, chairs, etc.?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Question no. four
"Has the Commissioners' Court authority to
employ clerical help for the Texas and Federal
relief agencies nominated as secretaries, steno-
graphers, bookkeepers, etc.?

"Question no. five
"What authority, if any, has the Commission-
ers' Court to participate with County funds in
the construction of a building to house Federal
and State relief agencies?

"Question no. six
"A local charitable organization operating
under the name of Mothers' Health Center has for
its purpose education and the dissemination of
contraceptive methods and supplies to the in-
digent mothers of this locality.  Has the Commis-
sioners' Court authority to participate with
County funds in the carrying on of the work of
this organization?"

Article 2351, Vernon's Civil Annotated Statutes
specifies the general powers and duties of the commission-
ers' court.

Article 2372e-2, Vernon's Civil Annotated Stat-
utes, reads as follows:

"Section 1.  The County Commissioners'
Court and the City Commission of any incorporated
town or city of this State are hereby authorized
to lease, rent, or provide office space for the
purpose of aiding and cooperating with the agen-
cies of the State and Federal Governments engaged
in the administration of relief to the unemployed
or needy people of the State of Texas, and to pay
the regular monthly utility bills for such offices,
such as lights, gas, and water; and when in the
opinion of a majority of a Commissioners Court of
a county such office space is essential to the
proper administration of such agencies of either
the State or Federal Governments, said Court is
hereby specifically authorized to pay for same
and for the regular monthly utility bills for
such offices out of the County's General Fund by
warrants as in the payment of such other obliga-
tions of the county.

"Sec. 2. All actions, proceedings, orders, and contracts for such rentals, lease, or utility bills for such purposes as stated in Section 1 hereof, made and entered into by any Commissioners Court of this State, pursuant to such services as have been rendered are hereby validated, confirmed, and declared to be in full force and effect, notwithstanding any irregularity thereof prior to the enactment of this Act."

Section 1 of Article 2372e, Vernon's Annotated Civil Statutes, reads as follows:

"That County Commissioners Courts of this State be, and the same are hereby authorized to purchase materials for the purpose of aiding and cooperating with the agencies of the State and Federal Governments in the construction of buildings for the purpose of housing canneries and canning factories where/appropriations have been or may hereafter be made out of the Federal and State Funds set aside for the relief of the unemployed and needy people in the State of Texas, and to pay for such materials out of the County's Permanent Improvement Fund."

This department held in an opinion written by Honorable Joe J. Alsup, Assistant Attorney General, addressed to Honorable J. B. Watson, County Auditor, Limestone County, Groesbeck, Texas, April 27, 1937, that where "The Commissioners' Court makes the necessary investigation and if from the facts revealed by such investigation find that the relief workers are paupers . . . and that the relief workers have been bona fide inhabitants of the county not less than six months and of the state not less than one year, then we are of the opinion that the buying or renting of the sewing machines comes within the purview of Article 2351 and that the Commissioners' Court then has the full authority, under the provisions of the statute, to purchase or rent the said machines from county funds for the purpose of providing a means of support for said relief workers".

The above mentioned opinion does not pass directly upon your first question, but holds where the commissioners' court makes the necessary investigation and finds that the relief workers are paupers, then said court, under Article 2351, Vernon's Annotated Civil Statutes, supra, has

authority to purchase or rent sewing machines from county funds for the purpose of providing a means of support for said relief workers who have been found to be paupers by the commissioners' court.

In Opinion No. O-281, written by Honorable Benjamin Woodall, Assistant Attorney General, this department held that the commissioners' court has no authority to employ a stenographer for the United States Farm Credit Administration and pay such stenographer from county funds.

It has long been held in this state that the commissioners' courts are courts of limited jurisdiction without any powers except such as are expressly conferred. El Paso vs. Elam, 106 S. W. (2d) 393; Howard vs. Henderson County, 116 S. W. (2d) 479; Hill County vs. Bryant and Huffman, 264 S. W. 520; Commissioners' Court vs. Wallace, 15 S. W. (2d) 535.

In the last case cited in support of this proposition Judge Pierson, speaking for the Supreme Court, approved and confirmed the holding of the Court of Civil Appeals on this proposition, reported in 281 S. W. 573. In the Court of Civil Appeals case, Judge Barcus of the Waco court said:

"The commissioners' court is a creature of the State Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature."

We have made a careful search of the statutes and numerous cases and failed to find any authority that authorizes the commissioners' court to make any of the expenditures mentioned in your inquiry. With reference to your question No. 5 your attention is directed to Article 2372e-2, supra, regarding the authority of the commissioners' court to lease, rent or provide office space for the purpose of aiding and cooperating with the agencies of the state and federal governments engaged in the administration of relief to the unemployed or needy people of the State of Texas, and to pay the regular monthly utility bills for such offices, such as lights, gas and water; however, this Article does not authorize the commissioners' court to expend county funds in the construction of buildings to house federal and state relief agencies.

Hon. R. L. Armstrong, page 5


You are respectfully advised that it is the opinion of this department that all of your questions must be answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Ardell Williams
Assistant

AW:jm


APPROVED FEB 23, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN